UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 12-cr-20052

v.

HONORABLE STEPHEN J. MURPHY, III

D-5 EARNEST PROGE,

    Defendant.
_____/

**ORDER GRANTING BERNARD'S MOTION
FOR RECONSIDERATION** (document no. 288) **AND DENYING
<u>MACERONI'S MOTION FOR RECONSIDERATION</u> (document no. 284)**

This is a criminal prosecution. The defendants are charged with various drug trafficking, firearm, and money laundering offenses, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. §§ 924(c)(1) and 1956. On April 3, 2014, Defendant D-5 Earnest Proge's attorneys, Linda Bernard and Patricia Maceroni, filed a motion to withdraw as counsel. The Court held a hearing on the motion on April 16, 2014, and denied the motion by written order on April 22, 2014. Ms. Bernard and Ms. Maceroni, through separate motions, seek reconsideration of the order. For the following reasons, the Court will grant Ms. Bernard's motion and deny Ms. Maceroni's.

## BACKGROUND

Earnest Proge is accused of multiple drug, firearm, and money laundering offenses in connection with a major interstate drug trafficking ring that allegedly shipped illegal narcotics into the Detroit metropolitan area. While some of the defendants are accused of financial crimes in support of the alleged drug trafficking ring, Proge is accused of having an integral role in the operation. Proge was initially represented by Richard Ginsberg, who entered an appearance on February 7, 2012. Proge subsequently retained Linda Bernard

and Patricia Maceroni, who have represented him for the past year and a half. According to their brief, Ms. Bernard and Ms. Maceroni engaged in extensive plea negotiations with the Government on Proge's behalf, which as of this date, did not produce a plea agreement. The Court held the final pretrial conference on March 26, 2014, during which Proge, through Ms. Bernard, stated he had evaluated the final plea offer from the Government and voluntarily chose not to accept it. Ms. Bernard also stated that she would be filing the instant motion to withdraw as counsel. She and Ms. Maceroni subsequently did so on April 3, and the Court held a hearing on the motion (along with a motion to suppress) on April 10, 2014. The Court subsequently denied the motion on April 22, 2014. *See* Order Denying Mot. to Withdraw, ECF No. 282.

## STANDARD OF REVIEW

Local Rule 7.1(h) permits a party to move the Court to reconsider an order if filed within fourteen days of the entry of judgment. E.D. Mich. LR 7.1. Generally, a court will not grant a motion for reconsideration if the motion merely presents the same issues presented in the first instance, either expressly or by reasonable implication. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). Rather, the movant must both demonstrate a "palpable defect" in the original ruling, and show that correcting the ruling would result in a different disposition. *Id.* A ruling suffers from a "palpable defect" only if an error is "obvious, clear, unmistakable, manifest, or plain." *Id.* (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). Thus, in the absence of "a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party

with an opportunity to relitigate issues already decided." *Id.*

## DISCUSSION

I. <u>Legal Standards</u>

"While an accused's right to choose counsel to assist him at trial is an essential component of the sixth amendment right to assistance of counsel, it is beyond peradventure that such right is not absolute." *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985). The Sixth Amendment right to select one's own counsel does not permit a defendant to "arbitrarily dismiss his retained attorney on the eve of trial, and thus disturb and delay orderly procedures in the courts," *United States v. Carter*, 453 F.2d 402, 402 (6th Cir. 1971), or to "substitute [retained] counsel for the purpose of delaying or manipulating his trial," *United States v. Castro*, 908 F.2d 85, 88 (6th Cir. 1990).

"A defendant is required to show good cause for a request to substitute counsel and to do so in a timely manner." *United States v. Henderson*, 174 F. App'x 880, 884-85 (6th Cir. 2006) (discussing defendant's motion to seek substitute, retained counsel) (quoting *United States v. Williams*, 176 F.3d 301, 314 (6th Cir.1999)); *see also United States v. Ramey*, 559 F. Supp. 60, 62 (E.D. Tenn. 1981) ("When faced with a request for a change of counsel, either retained or appointed, the Court must consider the merits of the complaints of that continued representation, the delay between the cause of the dissatisfaction and the request, the nearness to trial, and the general dictates of fairness and justice for both the government and the defendant."). Although, because "there is no right to have appointed counsel of one's choice," *United States v. Gulley*, 60 F. App'x 538, 542-43 (6th Cir. 2003), a request by an indigent defendant to substitute counsel is conceptually distinct from a request by a defendant with a retained attorney, as here, the

considerations of good cause remain the same: The court must consider "(1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice." *United States v. Ogburn*, 288 F. App'x 226, 235 (6th Cir. 2008) (considering motion for a second retained attorney to appear alongside first retained attorney) (quoting *United States v. Trujillo*, 376 F.3d 593, 606 (6th Cir. 2004)); *see also United States v. Mooneyham*, 473 F.3d 280, 291-92 (6th Cir. 2007) (applying these factors to a request to substitute newly retained counsel).

By local rule, an attorney in a criminal case may withdraw his or her representation of a client only with leave of the court. *See* E.D. Mich. LCrR 57.1 ("An attorney . . . shall continue to represent the defendant . . . unless the attorney is granted leave to withdraw by the District Court . . . ."); *United States v. Sobh*, 2007 WL 1153065, at *1 (E.D. Mich. Apr. 18, 2007). And the court "may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." *Id.* While the court ultimately has the discretion to grant leave to withdraw, *see generally Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009), an "attorney admitted to the bar of this court . . . is subject to the Rules of Professional Conduct adopted by the Michigan Supreme Court." E.D. Mich. LR 83.20(j).

II.     Application

Ms. Bernard and Ms. Maceroni put forward several distinct grounds for granting reconsideration and ultimately their withdrawal as counsel. They point to the fact that, under

4

the local rules, they are bound by the Michigan Rules of Professional Conduct, and argue that their continued representation of Proge would cause them to violate the rules and their ethical obligations as attorneys.

### A. Linda Bernard

Ms. Bernard points to Michigan Rule of Professional Conduct 1.1, which straightforwardly requires attorneys to provide only "competent" representation to a client, and counsels attorneys against handling a legal matter without sufficient competence. In her brief, Ms. Bernard points to the fact she is not an experienced federal trial attorney — and, in fact, that she has not conducted a federal criminal trial at all, *see* Bernard Mot. for Reconsideration at 2-3, ECF No. 284 — a fact that she did not previously bring before the Court. It is true that Ms. Maceroni's presence as an experienced co-counsel would alleviate this concern. But Ms. Bernard rightly points out she would also not be eligible for appointment under the Criminal Justice Act, as she is not a member of the Approved Counsel for Indigent Defendants, and could not qualify for an appointment due to her lack of federal trial experience. Thus, her remaining as counsel for, in effect, pro bono status for the duration of the trial would be a financial hardship and unnecessary. And since Ms. Maceroni, an experienced trial attorney, will remain as trial counsel, Proge will not suffer prejudice from Ms. Bernard's withdrawal. Accordingly, the Court will grant Ms. Bernard's motion for reconsideration, and permit her to withdraw as Proge's attorney.

### B. Patricia Maceroni

Ms. Maceroni also asserts that she is not competent to represent Proge at trial. Unlike Ms. Bernard, Ms. Maceroni is an experienced federal criminal defense attorney, and recently conducted, with great competence, an unrelated criminal trial before the Court.

Thus, her motion instead reiterates the argument that she is not able to represent Proge because of the breakdown in attorney-client relationship.

Ms. Maceroni does not contest the Court's earlier conclusion that Proge's motion to withdraw, "as well as being untimely and would seriously affect the administration of justice — is for the purpose of delay." Order at 8 (citing *United States v. Mooneyham*, 473 F.3d 280, 292 (6th Cir. 2007) ("district court found that Mooneyham's motion was an attempt to manipulate the trial")). And her brief, in noting again that Proge is refusing to communicate with her, supports the conclusion that the failure to communicate effectively is entirely Proge's fault. Maceroni Mot. for Reconsideration at 2-3; *see generally United States v. Vasquez*, 560 F.3d 461, 468 (6th Cir. 2009) ("[T]he record reflects that any lack of communication between [defendant] and [attorney] was likely due to [defendant]'s refusal to cooperate with [attorney].") (citing *Jones v. Tennessee Eastman Co.*, 805 F.2d 1034 (6th Cir. 1986) (holding that the defendant's refusal to cooperate with counsel did not constitute good cause for substitution of counsel and that the trial court was within its sound discretion to deny such a motion)).

Ms. Maceroni's overall assertion of a breakdown in attorney-client relationship has been presented before. The government notes that Ms. Bernard and Ms. Maceroni have previously visited the U.S. Attorney's Office to inspect the physical evidence. And, as the Court stated earlier, the mere fact a plea agreement was not reached does not itself excuse counsel from not preparing for trial. Order at 6-7 n.3. To the extent Ms. Maceroni is properly concerned with following the Michigan Rules of Professional Conduct, the Court will state that her continued representation of Proge will fulfill her responsibilities to effectively and ably represent Proge under Michigan Rules of Professional Conduct. *See*

6

Mich. R. Prof. C. 1.16(c). Finally, as the Court stated in its earlier order, permitting a withdrawal now will seriously prejudice the administration of justice and the government's limited public resources in presenting its case. *Cf. Brandon*, 560 F.3d at 538 (no prejudice in withdrawal when case was inactive and motion was unopposed). The Court concludes that Ms. Maceroni has not demonstrated a palpable defect in the Court's earlier conclusion, and will accordingly deny the motion for reconsideration.[1]

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Bernard's motion for reconsideration (document no. 288) is **GRANTED**. Attorney Bernard is permitted to withdraw from the case.

**IT IS FURTHER ORDERED** that Maceroni's motion for reconsideration (document no. 284) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 28, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 28, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Case Manager

---

[1] Ms. Maceroni asserts Proge is now indigent. Proge is, of course, welcome to file for indigent status under the regular procedures established in the Eastern District of Michigan. A motion for Criminal Justice Act appointment by Ms. Maceroni would likely be granted.