UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                        Case No. 2:12-cr-20052-5

v.                                   HONORABLE STEPHEN J. MURPHY, III

D-5 EARNEST PROGE,

    Defendant.

_____/

**OPINION AND ORDER MEMORIALIZING PRIOR RULINGS,
FINDING EXCLUDABLE DELAY, DENYING DEFENDANT'S MOTIONS
TO DISMISS THE INDICTMENT [679] AND FOR DEFAULT JUDGMENT [688],
AND DEEMING MOOT DEFENDANT'S MOTION FOR RETURN OF PROPERTY [678]**

On January 19, 2018, the Court held a hearing to address a pending motion and to hear from the parties about a potential trial date. At the hearing, the Government requested that the Court formalize some matters addressed at the prior hearings but not yet committed to written orders. One of those matters was the issue of excludable delay under the Speedy Trial Act; an issue Defendant also raised at the hearing and about which he intended to file a motion.[1] The Court will address these matters, as well as a separate motion filed by Proge concerning his property.

I. Proge's Self Representation

The first matter is that of Proge's self representation. On June 1, 2017, the Court continued a previous hearing on the Government's motion to delay the trial date and

---

[1] Proge brought with him to the hearing a paper copy of the motion. His standby counsel asked the Court whether it should be given to the Court or filed electronically. The Court instructed him to file it electronically and counsel indicated his intention to file it that day. He filed it on January 22, 2018. ECF 679.

Defendant's motion to proceed pro se. At the hearing, the Court questioned Defendant, consistent with *Faretta v. California*, 422 U.S. 806 (1975), and confirmed that he was knowingly, intelligently, and voluntarily choosing to represent himself. Proge's appointed counsel likewise confirmed that he had spoken with Proge prior to the hearing and explained the risks Proge faced in representing himself. As stated in open court and on the record, Proge's motion (ECF 650) was and is granted and he will be permitted to represent himself at trial.

II. Speedy Trial Act

There is also the matter of the Speedy Trial Act. The Court of Appeals's mandate issued on March 27, 2017. ECF 647. The Speedy Trial Act directs retrials following appeals to commence within 70 days from the date of the mandate, 18 U.S.C. § 3161(e), but permits a trial to commence later than the 70-day period under certain circumstances. The Act specifically permits the Court to extend the 70-day post-appeal clock to 180 days "if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical." 18 U.S.C. § 3161(e). In addition, the Court may find certain periods before retrial to be excludable delay. *Id.* ("The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section.").

Absent any motion practice or other extenuating circumstances, the 70-day deadline would have demanded a trial date no later than Monday, June 5, 2017. But within two weeks of the mandate's issuance, both parties filed motions—Proge's concerned discovery, while the Government's concerned excludable delay under the Speedy Trial Act. The Court then set, but adjourned, a hearing because Proge was

confined out-of-state and transporting him required additional arrangements. It was eventually held on May 24, 2017 and continued on June 1, 2017. ECF 665.

In the Government's motion for a delay in the trial date, it asked the Court to find the interim time as excludable delay. The Government argued that "Proge will need time to retain counsel or have a new CJA lawyer appointed", noted that Proge's new lawyer will need time to prepare for trial, and added that the Government, too, "needs time to issue subpoenas, serve witnesses, and otherwise prepare for re-trial." ECF 648, PgID 10561. At the hearing, counsel for the Government and Proge's standby counsel confirmed that additional time was needed to allow Proge to obtain and review the necessary materials.[2] ECF 665, PgID 10655, 10658. The Court affirmed the necessity of setting a trial date and urged the parties to propose a trial date. *Id.* at 10657–58. The Court also addressed Proge directly, and explained that it was directing the Government to work with him and his standby counsel to establish a date and, failing the parties' ability to reach an agreement, Proge should alert the Court so that it could properly rule consistent with the Speedy Trial Act. *Id.* at 10658–59.

The parties evidently conversed with the case manager about a possible trial date, but a formal date was never set. Instead, two weeks after the hearing, Proge sent the Court a letter explaining that he objected to a January trial date and demanded that discovery materials be sent directly to him, rather than his standby counsel. ECF 659. Then, weeks later, he filed a "judicial notice" alleging that the Government was not providing him with discovery materials. ECF 664. And in a letter dated October 19, 2017

---

[2] Proge's standby counsel also asked the Court to endorse Proge's request to be moved to a different facility to better allow his counsel to assist him in trial preparation. The Court readily endorsed this request and Proge was subsequently transferred. ECF 665, PgID 10655–57.

3

he informed the Court that he had had a complete breakdown in communication with his standby counsel and that they had made little to no headway together since his appointment. ECF 676. Both Proge and his standby counsel confirmed at the recent hearing, however, that their rift was remedied after Proge filed the letter and Proge personally confirmed that he did not wish to have standby counsel replaced. ECF 686, PgID 10904 (under seal). Most recently, Proge filed a motion for return of property, ECF 678, the instant motion to dismiss the indictment pursuant to the Speedy Trial Act, and a motion for default judgment, also related to the Speedy Trial Act.[3]

In sum, there have been substantial barriers impeding a trial that is on the one hand speedy but on the other affords Proge with the time and resources to represent himself. The Court was prepared to set a trial date as early as September 2017 to both ensure a speedy trial and to permit the time for discovery that Proge and his standby counsel argued for. *See* ECF 665, PgID 10659. But according to Proge, prior to October 23, 2017, he and his attorney had barely begun to prepare. ECF 676. The ends of justice therefore supported a continuance through at least that date. Proge's motion practice has likewise slowed the progress of the case—and formally tolled the Speedy Trial Clock. For instance, his initial motion filed on April 7, 2017 tolled it until June 1, 2017. And his motion filed December 6, 2017 tolled the clock while the Court arranged for the January 19, 2018 hearing, and would have continued to toll it for the 30 days subsequent to that hearing, had Proge not then filed another motion (ECF 679), and then another (ECF 688). *See United States v. Mentz*, 840 F.2d 315, 326 (6th Cir. 1988)

---

[3] The second motion is based on Proge's assertion that the Government failed to respond to his initial motion to dismiss the indictment. ECF 688, PgID 10934. But the Government had already responded to the motion, weeks before, and had mailed Proge a copy of the response. ECF 687, PgID 10932.

(citing 18 U.S.C. § 3161(h)(1)(J)). The motions have tolled the clock since their filings through the date of this order, which resolves them.

The Court is anxious to commence Proge's trial.[4] But in light of the need for Proge to meaningfully review discovery materials and prepare for his own defense, the Court finds that the ends of justice are served by excluding the period from March 27, 2017 to October 23, 2017 and the exclusion of that period outweighs the best interests of the public and Defendant in a speedy trial. This, in conjunction with the parties' motion practice, and Proge's quasi-motion practice (i.e., his letters and notices), leads the Court to find and conclude that the Speedy Trial Clock has not yet expired. And the Court will therefore deny his dispositive motions (ECF 679, 688).

III. Motion for Return of Property

Finally, Proge filed a motion for return of property. Proge previously filed a similar motion on this case's docket after his criminal proceedings came to a close. The motion was an ancillary matter to the criminal case and therefore should have been filed as a separate, miscellaneous matter. Accordingly, it was transferred to miscellaneous case number 2:16-mc-51749. An order addressing the motion under the miscellaneous number will be entered concurrently with this order. Therefore, the motion filed in the criminal case, docket entry no. 678, is deemed moot.

**ORDER**

For the reasons stated in this Order and those stated in open court and on the record, it is hereby **ORDERED** that the Government's Motion to Delay the Trial Date

---

[4] Setting a date without the customary accession from both sides has become necessary in this case. The parties may request an adjournment if necessary, but to avoid any further argument, any stipulation must be unambiguously signed by Proge himself—a "with permission" e-signature will not suffice.

[648] and Defendant's Motion to Proceed Pro Se [650] are **GRANTED**. Defendant's appointed attorney remains as standby counsel.

**IT IS FURTHER ORDERED** that the periods between April 7 through June 1, 2017 and December 6, 2017 through the date of this order are excludable delay under 18 U.S.C. § 3161(h)(1)(D).

**IT IS FURTHER ORDERED** that the period between June 2 through October 23, 2017 is excludable delay under 18 U.S.C. § 3161(h)(7)(A).

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss the Indictment [679] and for Default Judgment [688] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to for Return of Property [678] is **DEEMED MOOT**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 4, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 4, 2018, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager